313 So.2d 396 (1975)
Carl McKENZIE
v.
W.A. (Fred) CURET and United States Fidelity & Guaranty Company.
No. 48085.
Supreme Court of Mississippi.
May 26, 1975.
Greaves, Terry & Hunter, Gulfport, for appellant.
Favre & Genin, John A. Scafide, Jr., Bay St. Louis, for appellees.
Before RODGERS, INZER and WALKER, JJ.
WALKER, Justice:
This is an appeal from the Circuit Court of Hancock County, Mississippi, from a ruling of the trial court sustaining appellees' demurrer to the declaration against them. Appellant declined to amend his declaration and prosecutes this appeal. We reverse.
The record reveals that the appellant McKenzie obtained a writ of replevin directing the sheriff to seize certain personal property in the possession of Clinton Ladner. The appellee Curet, who was then sheriff of Hancock County, executed the writ by seizing the subject property and in lieu thereof accepted and approved a replevin bond in the sum of $9,000 with Clinton Ladner executing same as principal and Curvis S. Ladner and Bobbie J. Ladner as sureties and filed same in the original replevin action in the Circuit Court of Hancock County. Thereafter, a judgment was rendered in the replevin action against Clinton Ladner as principal and Curvis S. Ladner and Bobbie J. Ladner as sureties for the return of the property together with damages of $2,500 plus costs of court. The appellant obtained possession of the personal property involved and requested execution on the judgment for the damages of $2,500 and costs. Execution was performed by the sheriff but was not satisfied.
The appellant McKenzie then brought this suit against the sheriff, W.A. (Fred) Curet and the surety on his bond, United States Fidelity and Guaranty Company, alleging in his declaration that the sheriff, through his deputy, was negligent and guilty of misfeasance or malfeasance for approving a replevin bond made by Clinton *397 Ladner as principal and Curvis S. Ladner and Bobbie J. Ladner as sureties; and, that said deputy sheriff failed to ascertain whether or not the principal and sureties on the replevin bond had sufficient funds or property to satisfy their obligations accruing under the replevin bond.
The sheriff and bonding company demurred to appellant's declaration on the grounds that appellant failed to allege that he had taken exception to the sufficiency of the bond and that the bond had not been adjudged to be insufficient.
The sole question preresented by the demurrer and to be decided on this appeal is whether Mississippi Code Annotated section 11-37-27 or section 11-37-29 (1972) requires that a party must take exception to the sufficiency of a replevin bond approved by a sheriff in order to make the sheriff liable for the amount of a judgment against the principal and sureties on the bond which proves not to be collectible on execution.
The trial court, in ruling on the demurrer, held that in order to state a cause of action (plaintiff) should have alleged in his declaration that exception to the replevin bond was taken or that the sheriff or his deputies did not act in good faith in accepting and approving said bond; and, since the declaration failed in either of these allegations, it did not state a cause of action as a matter of law.
The appellees contend that the issue is governed by Mississippi Code Annotated section 11-37-29 (1972) which reads as follows:
If either party in the suit, or the sheriff or other officer, shall at any time deem any bond taken to be insufficient, such party or officer, if in vacation, may, upon application to the judge of the court where the suit may be pending, obtain a citation, under the signature of the judge, commanding the principal obligor in the bond to appear before the judge at such time and place as he may designate; and, if in term time, the party or officer may proceed by motion; and, in either case, the judge or court shall, after hearing the evidence of both parties, determine the sufficiency or insufficiency of the bond. And if the bond given by the plaintiff be adjudged insufficient, he shall give a new and sufficient bond, or restore the property to the officer within the time limited by the court or judge; and, in default thereof, the defendant shall be entitled to proceed and enter judgment as in case the plaintiff should be nonsuited or otherwise make default. And if the bond of the defendant be adjudged insufficient, and he fail to give a sufficient bond within the time limited by the court or judge, the plaintiff, on giving bond as directed, shall be entitled to a writ commanding the officer to take the property in controversy and deliver the same to the plaintiff; and thereupon such proceedings shall be had as if the property had been delivered to the plaintiff in the first instance.
However, the above section only provides a means whereby a party to the suit or the sheriff may obtain a citation requiring the principal obligor to appear at a hearing to determine the sufficiency or insufficiency of the bond. This section does not in anyway suggest that a party to the suit must contest the sufficiency of the bond as a prerequisite to making the sheriff liable therefor in the event the sureties are not financially responsible or for any reason the bond proves to be insufficient.
The cases cited by appellees in support of their contention are clearly distinguishable on their facts.
The appellant relies on Mississippi Code Annotated section 11-37-27 (1972) which reads as follows:
The bond directed to be taken in either case shall be returned with the writ to the court issuing the same. If the sheriff or other officer fail to take a proper and sufficient bond and return the same, *398 or if the bond taken be adjudged insufficient, and the party giving it shall, if required, fail to perfect the same, the sheriff or other officer shall be liable to the party injured for all damages by him sustained. But the parties shall have the same right of amendment as in cases of attachment.
The above section clearly gives rise to two occasions when the sheriff may be liable to an injured party for all damages by him sustained: (1) liability may result as to the sheriff when the sheriff or other officer fails to take a proper and sufficient bond and return the same; or (2) if the bond taken is adjudged insufficient and the party so giving the bond, if required, fails to perfect it, then liability also results. However, the officer taking the bond is not strictly liable if it proves to be insufficient. The general rule in such a situation as we have before us is found in 80 C.J.S. Sheriffs and Constables § 101 (1953):
Where a sheriff is required to take a bond with sufficient sureties, he is liable if he willfully or negligently accepts a bond with insufficient sureties, ... and the failure of the sureties to justify is satisfactory evidence that they are not qualified, notwithstanding their affidavit to the contrary, attached to the undertaking. The good faith of the officer will not protect him from liability if he has been negligent, and it is not essential to his liability that he should have known the sureties to be insufficient.
......

Necessity of exceptions. In order to hold the sheriff liable for taking a replevin bond with insufficient sureties, it is not necessary that objection be made to their insufficiency, unless the statute so requires.
If the law were as contended by the appellees, then a sheriff would be under no compulsion to investigate the financial responsibility of sureties to a bond until such time as exception to them was taken. That would place the burden always upon a party to the replevin action to make an independent investigation of the sureties; otherwise, he would have no grounds upon which to except to their sufficiency. This was never the intent of the law. The law places the burden upon the sheriff to use reasonable care in approving the sureties on a bond.
We, therefore, hold that it is not necessary to take exception to the sufficiency of a bond as a prerequisite to causing a sheriff to be liable thereon for his lack of reasonable care in determining the sufficiency of the sureties.
The demurrer to the declaration filed in the lower court should have been overruled.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.